**Mustafe GASHI, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General of the United States, United States Citizenship and Immigration Services, Respondents.**

No. 07–1709–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2007.

Joshua Bardavid, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Rebecca Hoffberg, Law Clerk, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mustafe Gashi, a native of Kosovo and a citizen of the Former Federal Republic of Yugoslavia, seeks review of an April 6,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

2007, order of the BIA denying his motion to reopen removal proceedings. *In re Mustafe Gashi,* No. A79 318 346 (B.I.A. Apr. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Gashi's motion to reopen because he failed to demonstrate changed country conditions in Kosovo sufficient to reopen his case. The regulations provide that a party must a motion to reopen no later than ninety days after the final administrative decision sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). This time limitation does not apply to motions to reopen based on changed circumstances arising in the country of nationality, if the motion is supported by evidence that is "material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Gashi's motion to reopen was untimely, as it was filed in February 2007, more than four years after the BIA decision which affirmed the IJ's denial of relief. However, Gashi argues that the evidence he submitted demonstrated a worsened situation in Kosovo "so uncertain and potentially unstable" that he had a well-founded fear of persecution if returned there. He further contends that the BIA failed to consider Serbia's declaration of "its irrefutable right to the province" of Kosovo, as well as accounts of the politically motivated killings of ethnic Albanians and attacks on ethnic Albanian political parties, as evidence of the region's instability.

Gashi's argument is unavailing, as the BIA did expressly acknowledge the Serbian declaration, and that ethnic Albanians had been attacked, but nevertheless found that the conditions presented in Gashi's documents "differ[ed] little from the country conditions described in the Immigration Judge's April 24, 2002, decision" denying his applications for relief. *See Ke Zhen Zhao,* 265 F.3d at 97. The BIA further found nothing in that evidence to suggest that Gashi would be "any more likely to be targeted for persecution at this time." A review of the record indicates that conditions have continued to improve for ethnic Albanians in Kosovo. For instance, following the first free elections in a U.N.-controlled Kosovo, documented by the 2001 USDOS Report, in 2005, "four monoethnic Albanian parties" dominated Kosovo's Assembly. Because the BIA's conclusion was supported by sound reasoning and based on record evidence, it did not abuse its discretion in denying his motion to reopen. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).